IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 8:10-cv-00038-LSC-FG3 |
| PROGRESS RAIL SERVICES CORPORATION, | ) ) ) ) | ORDER |
| Defendant. | ) | |

      This matter is before the court on plaintiff's (Union Pacific) motion for leave to amend the complaint (#23) and the defendant's (Progress Rail) response in opposition (#27).

      The original complaint, filed January 27, 2010, alleges that Progress Rail negligently failed to inspect and evaluate the axles it supplied for rail cars used in hauling coal on Union Pacific trains. Progress Rail allegedly failed to remove corrosion pits from the axles to avoid fatigue cracking and failure of the axle, resulting in the derailment of a Union Pacific train near DeWitt, Iowa on July 14, 2007. Union Pacific wishes to amend its complaint to add a claim involving another axle refurbished by the defendant that ultimately failed, causing the derailment of a Union Pacific train near Martin Bay, Nebraska on January 14, 2010.

      Progress Rail contends the proposed amendment is improper under Rules 18 and 42 of the Federal Rules of Civil Procedure. Under Rule 18(a), "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 42 permits the court to consolidate claims for hearing or trial, or to order separate trials of issues or claims. In summary, Progress Rail contends the two claims, involving different train derailments, do not involve common questions of law or fact, and the proposed amendment would be "futile" because the claims will ultimately be severed for trial pursuant to Rule 42(b).

      The court finds that the issue presented in Union Pacific's motion is governed by Fed. R. Civ. P. 18(a), which grants a plaintiff "complete freedom" to join in a single action all claims that they may have against a defendant. *See Nationwide Mut. Co. v. Ft. Myers Total Rehab Center, Inc.*, 657 F. Supp. 2d 1279, 1286 (M.D. Fla. 2009). The Eighth Circuit recognized this provision in *Headley v. Bacon*, 828 F.2d 1272, (8th Cir. 1987), noting that

bringing separate actions for claims that could have been permissively joined in a single action was a tactical choice allowed by Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Rule 18 does not require that the claims be factually related. *See Nationwide Mut. Co.*, 657 F. Supp. 2d at 1286.

In this instance, Union Pacific wishes to join its claims against Progress Rail in a single action and may do so under Fed. R. Civ. P. 18(a).

**IT IS ORDERED** that Union Pacific's motion (#23) is granted. Union Pacific shall file and serve the Amended Complaint no later than **October 5, 2010.**

**DATED September 17, 2010.**

                                    **BY THE COURT:**

                                    s/ F.A. Gossett, III
                                    **United States Magistrate Judge**