IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV38 |
| V. | ) ) | |
| PROGRESS RAIL SERVICES CORPORATION, | ) ) ) | ORDER |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff's Motion to Compel Inspection of Premises (filing 148). Plaintiff's motion will be granted, subject to the execution of a confidentiality agreement and liability waivers on the part of those conducting the inspection.

## DISCUSSION

This action arises out of two train derailments on tracks owned by Plaintiff. Plaintiff alleges that the derailments were caused by axles that Defendant inspected in the years leading up to the derailments. Plaintiff contends that Defendant was negligent by improperly inspecting the axles and allowing the axles to be mounted onto railcars despite the alleged presence of certain defects.

On September 7, 2011, Plaintiff served Defendant with notice of its request to inspect Defendant's facility in Sidney, Nebraska ("Sidney Wheel Shop") pursuant to Fed. R. Civ. P. 34(a)(2). Defendant has agreed to allow Plaintiff to inspect the facility, however, Defendant objects to allowing Plaintiff to inspect the facility while it is in operation. Defendant also contends that Plaintiff impermissibly seeks to have Defendant's employees perform specific tasks, demonstrations and procedures during the inspection, a claim which Plaintiff denies.

Defendant argues that an inspection of the Sidney Wheel Shop during its hours of operation could pose danger to Defendant's employees, as well as to the inspectors. Defendant contends that the presence of someone video-recording would be a significant distraction to its employees. Safety is, of course, a valid concern. However, Defendant's employees have observed individuals touring the facility in the past and, to the Court's knowledge, no injuries have occurred as a result. Further, any safety concerns can be lessened by requiring those participating in the inspection to sign liability waivers and by providing Defendant's employees advance notice that an inspection will be taking place.

Defendant also argues that an inspection will not produce any useful information because the axle refurbishment process and equipment presently used at the Sidney Wheel Shop is not exactly the same process and equipment used at the time the axles involved in this case were refurbished. While the chances of uncovering completely new information through an inspection of the facility may be minimal, a videotaped depiction of the process may nevertheless prove helpful in understanding the process and explaining it to others, particularly a jury. Therefore, the Court will compel Defendant to permit Plaintiff to inspect the Sidney Wheel Shop while it is in operation, subject, however, to the limitations imposed below.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Inspection of Premises ([filing 148](filing 148)) is granted, subject to the execution of a confidentiality agreement and liability waivers on the part of those conducting the inspection. The inspection shall be limited in duration to four hours and the inspectors shall be guided through the facility by a representative designated by Defendant. During the inspection, Plaintiff's inspectors shall keep their interaction with Defendant's employees to a minimum. Plaintiff's representatives shall not discuss or ask Defendant's employees questions about the axle refurbishment process, equipment used for the same or discuss any other matter relating to this litigation with the employees. Plaintiff's representatives may not ask or require Defendant's employees or representatives to perform tasks or demonstrations of any kind, rather, the inspectors shall observe a normal day of operation. Additionally, Plaintiff shall keep the number of

individuals inspecting the Sidney Wheel Shop to a minimum so as to not unduly disrupt Defendant's employees.

**DATED July 26, 2012.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**