IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV38 |
| V. | ) ) | |
| PROGRESS RAIL SERVICES CORPORATION, | ) ) ) | ORDER |
| Defendant. | ) ) ) | |

This matter is before the Court on Plaintiff's Motion to Compel Depositions and Request for Sanctions. ([Filing 215](#).) Through its motion, Plaintiff seeks leave to depose Howard Bush ("Bush") and Richard Hodges ("Hodges") outside the deposition deadline established in this case. Plaintiff has withdrawn its request for sanctions. For the reasons set forth below, Plaintiff's motion will be granted, in part.

## BACKGROUND

This case arises out of two train derailments on Plaintiff's track, both of which Plaintiff alleges were caused by broken axles on railcars. Essentially, Plaintiff asserts that the axles fractured because Defendant negligently reconditioned the axles prior to the derailments.

Plaintiff claims that on January 22, 2013, it obtained documentation regarding a PowerPoint presentation prepared by Hodges and Bush on behalf of Defendant which was submitted to the American Association of Railroads ("AAR"). The presentation addresses the distinction between the performance of Class F bearings and Class K bearings, including the prevention of failures in freight car axles using such bearings. Plaintiff asserts that the presentation and related information is directly relevant to the issues in this case because Defendant intends to argue at trial that the axles failed because they were old, reconditioned

axles which can fail by fatigue cracking during normal operation. Relying on expert testimony, Defendant asserts that the axles would not have failed had Plaintiff used the newer, Class K bearings, instead of Class F bearings. According to Plaintiff, the presentation prepared by Bush and Hodges on Defendant's behalf directly contradicts Defendant's proffered expert testimony.

## DISCUSSION

The deposition deadline in this case was May 31, 2012. The deadline for discovery motions passed on December 31, 2012, and trial is scheduled to begin on June 11, 2013. Plaintiff contends, however, that it should be allowed to depose Hodges and Bush out of time because it was unaware of the Power Point presentation materials until January 22, 2013, and upon learning of the materials, promptly filed this motion on February 18, 2013.

Under Fed. R. Civ. P. 16, a progression schedule "may be modified only for good cause." Fed. R. Civ. P. 16. "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." *Thorn v. Blue Cross & Blue Shield of Fla., Inc*., 192 F.R.D. 308, 309 (M.D. Fla. 2000) (quotation and citation omitted). In addition to the good cause requirement, when a motion is made after the time has expired, the court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Miller v. Kellogg USA, Inc*., Case No. 8:04CV500, 2006 WL 468315, *2 (D. Neb. Feb. 27, 2006) (internal quotation and citation omitted).

Plaintiff argues that the depositions should be allowed because Defendant's theory of defense did not become absolutely clear until, at the very earliest, August, 2012. Plaintiff maintains that upon learning Defendant's defense theory, Plaintiff conducted additional research to contradict the expert testimony endorsed by Defendant. As a result, Plaintiff located the presentation materials prepared by Hodges and Bush. Plaintiff also claims that it did not have knowledge of the identities of Bush and Hodges before the discovery deadline.

For its part, Defendant suggests that Plaintiff has been aware of, and in possession of,

the Hodges/Bush presentation information since at least 2005, through its participation in the AAR. Defendant also points out that Plaintiff's expert, Hans Iwand ("Iwand"), in preparing his rebuttal expert report which was served on January 16, 2013, relied upon a report prepared by Hodges relating to the use of Class F and Class K axles. Defendant claims that in his deposition conducted on February 28, 2013, Iwand initially indicated that he had relied upon the Hodges report in conjunction with his initial expert report, which is dated June, 2012. Plaintiff claims, however, that Iwand received the Hodges report after authoring his first expert report. It also appears that Iwand obtained copies of the Hodges/Bush PowerPoint materials. Iwand testified that he did not know when he obtained them.

Considering the circumstances here, the Court will permit Plaintiff to depose Hodges and Bush, but the depositions will be limited to inquiries regarding the information related to the PowerPoint presentation. Defendant will not be unduly prejudiced by these depositions. Although trial is only two months away, two depositions on this narrow topic will not delay these proceedings or result in unreasonable or overly burdensome expense. The depositions seek relevant information from potential trial witnesses. Even if Plaintiff was aware of Hodges since June, 2012, it seems reasonable that the full depth or extent of Hodges' and Bush's knowledge regarding this matter did not come to light until the discovery of the presentation materials. In short, the Court finds that Plaintiff has been diligent in pursuing this discovery and that the depositions should be permitted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Depositions and Request for Sanctions ([filing 215](#)) is granted, in part. Defendant shall make Howard Bush and Richard Hodges available for deposition within thirty (30) days of this Order. Topics of inquiry during the deposition shall be limited to information related to the PowerPoint presentation discussed above. Plaintiff's request for sanctions is deemed withdrawn.

**DATED April 4, 2013.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**